## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSLVANIA

Luis M. Millan Diaz and Monica A.
Nottola, his wife, individually and
Luis M. Millan Diaz, as Parent and
Natural Guardian of F.A.M.N.,
a minor,

             Plaintiffs

vs.

United States of America,
             Defendant

Civil Action No.:
**COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT
CLAIMS ACT**

### COMPLAINT

Now comes Luis M. Millan Diaz and Monica A. Nottola, Individually and Luis M. Millan Diaz, as Parent and Natural Guardian of F.A.M.N., a minor, for cause of action against Defendant, United States of America, and herein alleges, based on information and belief:

### JURISDICTION AND VENUE

1.

This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 USC §§1346(b), 2671 et seq., against the United States of American, which vests inclusive subject matter jurisdiction of Federal Tort Claims Litigation in the Federal District Court.

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

2.

Venue is proper in the Middle District of Pennsylvania pursuant to 28 USC §§1391(b)(1) and/or 1391(b)(2), as well as 28 USC §1391(e)(1), because the United States is a Defendant and all acts and omissions forming the basis of these claims occurred in the Middle District of Pennsylvania.

## PARTIES

3.

Plaintiffs, Luis M. Millan Diaz and Monica A. Nottola are husband and wife, and are the parents of F.A.M.N., a minor, born August 1, 2014. Plaintiff Monica A. Nottola brings this action individually and Plaintiff Luis A. M. Millan Diaz brings this action individually and as Parent and Natural Guardian of F.A.M.N., a minor.

4.

At all relevant times, the Defendant, the United States of American, acted through its agency, The Department of Health and Human Services, which at all times relevant hereto, operated Keystone Rural Health Center, 820 Fifth Avenue, Chambersburg, Franklin County, Pennsylvania, 17201.

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

5.

This case is brought against the United States of America pursuant to 28 USC §2671 et seq., commonly referred to as the "Federal Tort Claims Act". Liability of the United States if predicated specifically on 28 USC §§1346(b)(1) and 2674 because the personal injuries and resulting damage that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, The Department of Health and Human Services. These employees were acting within the course and scope of their employment, under circumstances where the United

LAW OFFICES
DiLoreto, Cosentino
& Bolinger PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Pennsylvania.

6.

Pursuant to 28 USC §2675, the claim of Luis M. Millan Diaz, as Parent and Natural Guardian of F.A.M.N., a minor, was timely presented to the appropriate agency of Defendant, United States of America, namely the United States Department of Health and Human Services. The claim was initially denied on January 21, 2016, a timely request for reconsideration was filed and the reconsideration denied on August 31, 2016.  The claims of Luis M. Millan Diaz and Monica A. Nottola, his wife, individually, were timely presented to the United States Department of Health and Human Services and were denied on August 31, 2016.

**COUNT ONE**

Luis M. Millan Diaz, as Parent and            :
Natural Guardian of F.A.M.N.                  :
, a minor,                                    :
                        Plaintiff             :
                                              :
                vs.                           :
                                              :
United States of America,                     :
                        Defendant             :

7.

Plaintiff in this Count incorporates by reference Paragraphs 1 through 6 as though fully set forth herein.

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

8.

Defendant, United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at Keystone Rural Health Center are hereafter collectively referred to as "Keystone Rural Health Center".

9.

At all times relevant to this Complaint, Keystone Rural Health Center held themselves out to the Plaintiffs as a provider of high quality healthcare services, with the expertise necessary to maintain the health and safety of patients like the Plaintiffs, Monica A. Nottola and F.A.M.N., a minor.

10.

At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of Keystone Rural Health Center were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

## **FACTUAL ALLEGATIONS**

11.

On August 1, 2014, Plaintiff, Monica A. Nottola, presented to the Chambersburg Hospital, Chambersburg, Pennsylvania, and was in active labor at 39 and 4/7 weeks of her pregnancy.

12.

It was determined by Monica A. Nottola's treating obstetrician, an employee of Keystone Rural Health Center, that a Cesarean delivery was necessary and Monica A. Nottola was transferred to the operating room.

13.

During the August 1, 2014 surgery, after the abdomen was open, it was noted by Monica A. Nottola's treating obstetrician, that the lower uterine segment was actively bleeding and visualization of that segment was attempted but not successful.

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

14.

The surgeon then palpated, without direct visualization, down from the upper portion of the uterus to what she thought to be the lower uterine segment and then made an incision into what she thought was the lower uterine segment.

15.

What the treating surgeon had thought to be the "lower uterine segment" by palpation was actually the baby's skull with the baby sustaining a full thickness laceration extending down to the bone from ear to ear across the anterior scalp.

16.

As a result of the injury to Plaintiff, F.A.M.N., a minor, as described above, the infant was transferred, via ambulance, to the Neonatal Intensive Care Unit of Hershey Medical Center, Hershey Medical Center, where she underwent repair of the laceration.

17.

As a result of the injuries sustained by the minor Plaintiff, as above set forth, she has received medical attention and care rendered by the following medical providers on the dates indicated, and has incurred liability for payment of bills for that medical attention and care in the sums indicated, which are reasonable and customary in the community where Plaintiff was treated:

| Medical Provider | Dates of Treatment | Charge |
| --- | --- | --- |
| 1. Chambersburg Hospital 112 North Seventh Street Chambersburg, PA 17201 | 08/01/14 | $4,587.18 |
| 2. Hershey Medical Center P.O. Box 850 Hershey, PA 17033 | 08/02/14 | $2,243.07 |
| Ambulance | 08/02/14-08/04/14 | $7,765.87 |
| | 08/08/14 | $254.55 |
| | 09/05/14 | $254.55 |
| | 01/23/15 | $254.55 |
| | 11/20/15 | $95.00 |
| | 03/11/16 | $764.00 |

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

3. MSHMC Physicians Group
P.O. Box 643313
Pittsburgh, PA 15264-3313

| | | |
|---|---|---|
| | 08/02/14 | $1,644.10 |
| | 08/02/14 | $122.94 |
| | 08/02/14 | $195.22 |
| | 08/03/14 | $205.47 |
| | 08/03/14 | $122.94 |
| | 08/04/14 | $123.33 |
| | 08/08/14 | $347.00 |
| | 09/05/14 | $87.21 |
| | 01/23/15 | $91.00 |
| | 11/20/15 | $77.35 |

4. PSHMC Physicians Group
P.O. Box 854
Hershey, PA 17033-0854                     03/11/16               $136.00

Total                                                                          $19,371.33

18.

By reason of the injuries to the minor Plaintiff sustained as above set forth, she will need additional medical attention and care at an estimated cost of $15,500.00.

19.

By reason of the injuries to the minor Plaintiff as above set forth, she has endured severe physical, emotional and mental pain, suffering and inconvenience, and will continue to endure physical, emotional and mental pain, suffering and inconvenience for a period of time now unknown.

20.

By reason of the injuries to the minor Plaintiff sustained as above set forth, she has suffered permanent disfigurement.

21.

The injuries sustained by the minor Plaintiff as above set forth, were solely and proximately caused by the negligence of the Defendant, through its agent, servant and employee, said negligence consisting of the following:

A). Her incising the minor Plaintiff's scalp without first ascertaining what she was, in fact, incising;

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

B). Her failure to incise the visualized portion of the uterus and continuing to incise downward;

C). In failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff, Luis M. Millan Diaz, as Parent and Natural Guardian of F.A.M.N., a minor, prays for Judgment in his favor and against the Defendant, United States of America as follows:

A). For such compensatory damages occasioned by the negligent conduct of Defendant as may be proved at the trial of this cause including pain and suffering, past and future medical expenses incurred and to be incurred, for permanent disfigurement and for her lose of enjoyment and quality of life; and

B). For such other and further relief as the Court deems proper.

## COUNT TWO

Monica A. Nottola,                              :
                      Plaintiff          :
                                 :
          vs.                            :
                                 :
United States of America,                  :
                    Defendant          :

22.

Plaintiffs in this Count incorporate by reference paragraphs 1 through 21 as though fully set forth at length herein.

23.

Plaintiff in this Count, Monica A. Nottola, is an adult individually living and residing at 3543 Mountain Shadow Garth, Fayetteville, Franklin County, Pennsylvania, 17222.

LAW OFFICES
DILORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

24.

On August 1, 2014, Plaintiff, Monica A. Nottola was fully conscious at the time of the aforementioned caesarean section and Plaintiff, Luis M. Millan Diaz, was present, at this wife's side.

25.

Immediately after the Defendant's agent and employee lacerated the minor Plaintiff's scalp down to the bone from ear to ear, Plaintiffs were aware that something terrible had happened but were not allowed to see the baby with Plaintiff, Luis M. Millan Diaz, being escorted out of the operating room.

26.

Minor Plaintiff, F.A.M.N., was taken out of the delivery room for further treatment and Plaintiff, Monica A. Nottola, did not see her daughter until just before her daughter's transfer to Hershey Medical Center.  See Standard Form 95 attached as Exhibit A.

27.

As a result of the negligence of the Defendant, as above set forth, Plaintiff, Monica A. Nottola, experienced severe emotional distress and will continue to experience emotional distress for a period of time now unknown.

**WHEREFORE**, Plaintiff, Monica A. Nottola, prays that Judgment be entered in her favor and against the Defendant, United States of America for compensatory damages for emotional distress as may be proved at the trial of this cause and for such other further relief as the Court may deem proper.

LAW OFFICES
DiLoreto, Cosentino
& Bolinger PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

## COUNT THREE

Luis M. Millan Diaz,                        :
                          Plaintiff         :
                                            :
            vs.                             :
                                            :
United States of America,                   :
                          Defendant         :

### 28.

Plaintiff in this Count incorporate by reference paragraphs 1 through 27 as though fully set forth at length herein.

### 29.

Plaintiff in this Count, Luis M. Millan Diaz, is an adult individually living and residing at 3543 Mountain Shadow Garth, Fayetteville, Franklin County, Pennsylvania, 17222.

### 30.

After being escorted from the operating room, Plaintiff was left in a hallway by himself, pleading with staff as they rushed by to explain to him what was happening with his daughter. See Standard Form 95 attached as Exhibit B.

### 31.

As a result of the negligence of the Defendant, as above set forth, Plaintiff, Luis M. Millan Diaz, experienced severe emotional distress and will continue to experience emotional distress for a period of time now unknown.

**WHEREFORE**, Plaintiff, Luis M. Millan Diaz, prays that Judgment be entered in his favor and against the Defendant, United States of America for compensatory damages for emotional distress as may be proved at the trial of this cause and for such other further relief as the Court may deem proper.

LAW OFFICES
DiLORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA 17201

Respectfully submitted,

**DILORETO, COSENTINO
& BOLINGER PC**

Date:  November 3, 2016                     By_____

Philip S. Cosentino
Attorney for Plaintiffs
Attorney I.D. 3076
330 Lincoln Way East
P.O. Box 866
Chambersburg, PA  17201
(717) 264-2096

LAW OFFICES
DILORETO, COSENTINO
& BOLINGER PC
330 LINCOLN WAY EAST
P.O. BOX 866
CHAMBERSBURG, PA  17201

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health & Human Services OGC/General Law Division (ATTN:  Claims) 330 C Street, SW, Switzer Building, Suite 2600 Washington, DC  20201 | Monica A. Nottola 3543 Mountain Shadow Garth Fayetteville, PA  17222 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 05/22/1981 | Married | August 1, 2014 | 10:00 p.m. (approximate) |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached sheet.

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached sheet.

**11.** WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jennifer L. Fraley, M.D. Luis M. Millan Diaz Monica A. Nottola See attached medical records | 755 Norland Avenue, Suite 200, Chambersburg, PA  17201 3543 Mountain Shadow Garth, Fayetteville, PA  17222 3543 Mountain Shadow Garth, Fayetteville, PA  17222 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| -0- | $750,000.00 | -0- | $750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | (717) 446-5041 | June 22, 2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

Not applicable.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes   ☐ No   17. If deductible, state amount

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## ATTACHMENT-STANDARD FORM 95 REV. (Monica A. Nottola)

8.      On August 1, 2014, I underwent a C-Section at Chambersburg Hospital under the care of Jennifer L. Fraley, M.D., and Keystone Rural Health Center, Chambersburg, Pennsylvania.  During the procedure, Dr. Fraley, mistaking my infant daughter's head for my uterus, incised my daughter's head resulting in a large, deep full thickness scalp laceration from the top of one ear, over the cranium to the other ear.

See the following attached records:

1).     Report from David Acker, M.D., dated June 6, 2016 with CV attached;

2).     Medical Bill Summary with medical bills attached;

3).     Black binder containing photographs of                                    from
        August 1, 2014 through the present;

### (ON CD)

4).     Chambersburg Hospital – Inpatient Hospitalization (                              )
        (August 1, 2014 through August 2, 2014);

5).     Hershey Medical Center – Inpatient Hospitalization (                              )
        (August 2, 2014 through August 4, 2014);

6).     Hershey Medical Center – Outpatient Visit
        (August 8, 2014);

7).     Hershey Medical Center – Outpatient Visit (
        (September 5, 2014);

8).     Hershey Medical Center – Outpatient Visit ('                             )
        (January 23, 2015);

9).     Hershey Medical Center – Outpatient Visit (                              )
        (November 20, 2015);

10).    Chambersburg Hospital – Inpatient Hospitalization (Monica A. Nottola)
        (August 1, 2014 through August 4, 2014);

11).    Chambersburg Hospital – Diagnostic Testing and Lab Work
        (Monica A. Nottola); and

12).    Chambersburg Hospital – Fetal Monitor Strips (Monica A. Nottola).

10.    I knew something was terribly wrong when I heard my newborn daughter screaming.          is my second child and her screaming was completely different from the soft baby cry of my firstborn. I also knew that something was terribly wrong when my husband who was in the delivery room with me was advised that he had to leave and was escorted out and was not allowed to see the baby. I heard a nurse say "Breath. Everything is going to be alright". I thought she was talking to me but she was talking to Dr. Fraley. I was told that Dr. Fraley had to step out and another physician came in to complete the surgery.

I knew that          was taken out of the delivery room and I was not allowed to see her. I was very upset and crying only caused more pain due to the surgery. Approximately one hour later, my husband, Luis, was allowed in and he told me that          had been injured and needed to be transferred to Hershey Medical Center for emergency treatment. I pleaded with the staff to be able to see          before she was taken to Hershey Medical Center. A nurse, Patricia, had been holding          s head for over an hour. She said "Let Monica see the baby". Staff brought          to me. She was strapped down in some sort of transport unit. I was only able reach in to touch          's hand. She was lethargic and I was not able to see her again until three days later.

Every day, when I see my daughter's permanent disfigurement, I am reminded of the night of August 1, 2014, the suffering that          endured and the horror of knowing that something went terribly wrong during my daughter's birth, not knowing the extent of the harm and not being able to see her or hold her.

# EXHIBIT B

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health & Human Services OGC/General Law Division (ATTN: Claims) 330 C Street, SW, Switzer Building, Suite 2600 Washington, DC 20201 | Luis M. Millan Diaz 3543 Mountain Shadow Garth Fayetteville, PA 17222 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 07/03/1984 | Married | August 1, 2014 | 10:00 p.m. (approximate) |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached sheet.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached sheet.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jennifer L. Fraley, M.D. | 755 Norland Avenue, Suite 200, Chambersburg, PA 17201 |
| Luis M. Millan Diaz | 3543 Mountain Shadow Garth, Fayetteville, PA 17222 |
| Monica A. Nottola | 3543 Mountain Shadow Garth, Fayetteville, PA 17222 |
| See attached medical records | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| -0- | $750,000.00 | -0- | $750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Luis M. Millan Diaz* | (717) 446-5041 | June 22, 2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

Not applicable.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all Items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## ATTACHMENT-STANDARD FORM 95 REV. (Luis M. Millan Diaz)

8.     On August 1, 2014 my wife, Monica, underwent a C-Section at Chambersburg Hospital under the care of Jennifer L. Fraley, M.D., and Keystone Rural Health Center, Chambersburg, Pennsylvania.  During the procedure, Dr. Fraley, mistaking my infant daughter's head for my wife's uterus, incised my daughter's head resulting in a large, deep full thickness scalp laceration from the top of one ear, over the cranium to the other ear.

See the following attached records:

1).     Report from David Acker, M.D., dated June 6, 2016 with CV attached;

2).     Medical Bill Summary with medical bills attached;

3).     Black binder containing photographs of (                          from August 1, 2014 through the present;

### (ON CD)

4).     Chambersburg Hospital – Inpatient Hospitalization (                          )
(August 1, 2014 through August 2, 2014);

5).     Hershey Medical Center – Inpatient Hospitalization (                          )
(August 2, 2014 through August 4, 2014);

6).     Hershey Medical Center – Outpatient Visit (                          )
(August 8, 2014);

7).     Hershey Medical Center – Outpatient Visit (                          )
(September 5, 2014);

8).     Hershey Medical Center – Outpatient Visit (                          )
(January 23, 2015);

9).     Hershey Medical Center – Outpatient Visit (                          )
(November 20, 2015);

10).    Chambersburg Hospital – Inpatient Hospitalization (Monica A. Nottola)
(August 1, 2014 through August 4, 2014);

11).    Chambersburg Hospital – Diagnostic Testing and Lab Work
(Monica A. Nottola); and

12).   Chambersburg Hospital – Fetal Monitor Strips (Monica A. Nottola).

10.   I knew something went terribly wrong during my daughter's birth.          was immediately taken by the OR staff out of the room. I was told I had to leave the OR and was not allowed to see my daughter. I remained in the hallway by myself, I kept asking staff as they rushed by what was happening and told them that I needed to see my daughter. Finally, a nurse came and advised me to go back into the labor room where I could wait while they finished "closing up" my wife. I was also advised that doctors were taking care of my daughter and that they were waiting for a surgeon on call. I became more upset and insisted on seeing my daughter. Dr. Collier, my daughter's pediatrician, was called.  He told me what had happened and when I asked whether there was any damage to          brain, he said he did not know. He advised that          needed to go to a neonatal specialist and strongly recommended Hershey Medical Center.  I was then allowed back in to see Monica and the staff brought          to us for Monica to see before          was transported to Hershey Medical Center.  I hugged my crying wife goodbye and then rode in the ambulance with          to Hershey Medical Center.
        was strapped down inside an enclosed incubator. I could see the bloodstained bandages surrounding her head.